IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| CONTEXT DIRECTIONS LLC, | Case No. _____ |
| *Plaintiff*, | |
| v. | DEMAND FOR JURY TRIAL |
| EAN HOLDINGS, LLC d/b/a ENTERPRISE RENT A CAR; EAN HOLDINGS INC.; ALAMO RENT-A-CAR, LLC; NATIONAL CAR RENTAL SYSTEM LLC, | |
| *Defendants*. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.      Context Directions LLC ("CD" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against EAN Holdings, LLC ("Enterprise"), EAN Holdings Inc. ("EAN"), Alamo Rent-A-Car LLC ("Alamo"), and National Car Rental System LLC ("National," and collectively, "Defendants"), alleging infringement of the following  patents (the "Patents-in-Suit"): U.S. Patent No. 10,142,791 (the "791 Patent"), titled "Method and system for context awareness of a mobile device"; U.S. Patent No. 9,807,564 (the "564 Patent"), titled "Method for detecting context of a mobile device and a mobile device with a context detection module"; and U.S. Patent No. 11,057,738 ( the "738 Patent"), titled "Adaptive context detection in mobile devices," attached hereto as Exhibit A, B and C, respectively.

2.      On March 29, 2021, an ex parte reexamination, no. 90/014,712, was initiated for the '791 Patent. An ex parte reexamination certificate for the '791 Patent was issued on November 5, 2021. The '791 Patent, together with the ex parte reexamination certificate, is attached hereto as

Exhibit A1. U.S. Patent Nos. 10,142,791 B2 and 10,142,791 C1 are collectively known as the '791 Patent.

<u>NATURE OF THE ACTION</u>

3.     This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

<u>PARTIES</u>

4.     Plaintiff Context Directions LLC is a limited liability company organized under the laws of the State of Delaware with a place of business at 261 West 35th Street, Suite 1003, New York, NY 10001.

5.     On information and belief, Defendant EAN Holdings, LLC is a Delaware limited liability company, with a principal place of business located at 600 Corporate Park Drive Saint Louis, MO 63105 and that may be served via its registered agent, the Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801. Upon information and belief, Defendant EAN Holdings, LLC sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces, or uses, products and services into the stream of commerce and that incorporate or use infringing technology knowing that they would be used, sold, or otherwise infringe, in this judicial district and elsewhere in the United States.

6.     On information and belief, Defendant EAN Holdings Inc. is a Delaware corporation with a principal place of business located at 600 Corporate Park Drive Saint Louis, MO 63105 and that may be served via its registered agent, C T Corporation System, 120 S Central Ave., Suite 400, Clayton, MO 63105. Upon information and belief, Defendant EAN Holdings Inc. sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces, or uses, products and services into the stream of commerce and that incorporate or

2

use infringing technology knowing that they would be used, sold, or otherwise infringe, in this judicial district and elsewhere in the United States.

7.      On information and belief, Defendant Alamo Rent-A-Car, LLC is a Delaware limited liability company with a principal place of business located at 600 Corporate Park Drive Saint Louis, MO 63105 and that may be served via its registered agent, the Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801. Upon information and belief, Defendant Alamo Rent-A-Car, LLC sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces, or uses, products and services into the stream of commerce and that incorporate or use infringing technology knowing that they would be used, sold, or otherwise infringe, in this judicial district and elsewhere in the United States.

8.      On information and belief, Defendant National Car Rental System LLC is a Delaware limited liability company with a principal place of business located at 600 Corporate Park Drive Saint Louis, MO 63105 and that may be served via its registered agent, the Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801. Upon information and belief, Defendant National Car Rental System LLC sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces, or uses, products and services into the stream of commerce and that incorporate or use infringing technology knowing that they would be used, sold, or otherwise infringe, in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

9.      This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

10.     The Court has personal jurisdiction over Defendants for the following reasons: (1) Defendants are present within or have minimum contacts within the State of Texas and the Eastern District of Texas; (2) Defendants have purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendants have sought protection and benefit from the laws of the State of Texas; (4) Defendants regularly conduct business within the State of Texas and within this district, and Plaintiff's causes of action arises directly from Defendants' business contacts and other activities in the State of Texas and in this district; and (5) Defendants have purposely availed itself of the privileges and benefits of the laws of the State of Texas.

11.     Defendants, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to use of the products which contain the infringing elements as detailed below (e.g. the Accused Products). Upon information and belief, Defendants have committed patent infringement in the State of Texas and in this district; Defendants solicit and have solicited customers in the State of Texas and in this district; and Defendants have paying customers who are residents of the State of Texas and this district and who each use and have used the Defendants' products and services in the State of Texas and in this district.

12.     Venue is proper over Enterprise in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1400(b). Defendant Enterprise has a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. For example, Defendant has at least a regular and established place of business at 2901 N Central Expy # 110, Plano, TX 75075.

4

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

13.     Venue is proper over EAN in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1400(b). Defendant EAN has a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. For example, Defendant has at least a regular and established place of business at 2901 N Central Expy # 110, Plano, TX 75075.

14.     Venue is proper over Alamo in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1400(b). Defendant Alamo has a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. For example, Defendant has at least a regular and established place of business at 2901 N Central Expy # 110, Plano, TX 75075.

15.     Venue is proper over National in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1400(b). Defendant National has a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. For example, Defendant has at least a regular and established place of business at 5760 TX-121 Ste 135, Plano, TX 75024.

<u>PATENTS-IN-SUIT</u>

16.     Plaintiff incorporates the above paragraphs herein by reference.

17.     On November 27, 2018, the '791 Patent was duly and legally issued by the United States Patent and Trademark Office. On October 31, 2017, the '564 Patent was duly and legally issued by the United States Patent and Trademark Office. On July 6, 2021, the '738 Patent was duly and legally issued by the United States Patent and Trademark Office. The three Patents (collectively "the Patents-in-Suit") are presumed valid and enforceable.

18.     Plaintiff is the assignee of all right, title and interest in the Patents-in-Suit,

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers thereof.

19.    The Patents-in-Suit include claims directed towards detecting the context of a mobile device, as well as a mobile device having such detection capability, where the mobile device has a plurality of sensors assigned to sensor groups arranged in a hierarchy, along with classifiers assigned to the sensor groups and a context-detecting circuitry that activates and adapts the classifiers to evaluate the context of the mobile device based on signals from one or more of the sensors. An example of a mobile device is an automobile.

20.    The claimed inventions of the Patents-in-Suit were not well-understood, routine, or conventional. At the time the application that resulted in the Patents-in-Suit was filed, there existed various problems in how to detect context of mobile devices. One prior system used device sensors to detect context by indirect means only. In that type of system, for example, one could detect that a mobile device is moving by determining its approximate position from signals of base stations for cellular phones, and then calculating the average speed of the device. However, those types of systems were not very accurate and resulted in uncertainty as to the position of the device on the order of a few hundred meters to several kilometers, as well as frequent false classifications indicating the movement of the device when that was not the case. *See, e.g.,* '564 Patent at 1:56-2:3.

21.    Another method to detect whether a mobile device is moving entailed analyzing the speed of the device using a global satellite positioning ('GPS') system. While this provided more accurate positioning information than using the signals of mobile phone cell towers, the GPS receiver consumed significant amounts of energy and reduced the life of the mobile device's battery. *See, e.g.,* '564 Patent at 2:4-13.

22.    Another system utilized a vehicle-mounted, short-range radio transmitter and a

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

mobile device equipped with a receiver that was compatible with the transmitter, but an obvious disadvantage of this system was the need for the transmitter in the vehicle. *See, e.g.,* '564 Patent at 2:29-44.

23.    The Patents-in-Suit describe technical improvements and addressed various technical problems present in prior systems. The Patents-in-Suit describe an accurate and efficient method for determining the context of a mobile device based on signals from sensors found in such mobile devices.

24.    The Patents-in-Suit describe equipping a mobile device with context-detecting circuitry and classifiers, where the sensors of the mobile device are assigned to at least two sensor groups, each of which comprises at least one sensor, and each such sensor group is allocated a classifier adapted to detect the context of the device based on the indications of the sensors belonging to the given sensor group. The groups of sensors are arranged hierarchically, and the context of the mobile device is detected by reading a classification result indicated by the classifier of a currently active group of sensors in the mobile device. When an identified context is detected, the power supply of the sensors in the lower group may be switched on and classification in a group with a higher level activated. The context of the mobile device is read based on the higher group's classifier, and based on the results of the classification indicated by the higher group's classifiers, the configuration of the lower group's classifiers is adapted. *See, e.g.,* '564 Patent at 3:66-4:17.

25.    Yet another advantage of the Patents-in-Suit concerns energy efficiency. The sensor groups in the mobile device are arranged hierarchically, such that the total amount of energy required to determine a classification result in lower-level groups is less than the amount of energy required to determine the result of the classification in higher-level groups. This

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

arrangement, coupled with the adaptation of the configuration of the lower-level classifier based on classification results returned by classifiers of a higher level, results in greater energy efficiency as the adaptations proceed. *See, e.g.*, '564 Patent at 6:1-14.

26.     The claims of the Patents-in-Suit do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in improving use of sensors in mobile devices.

27.     Moreover, the claimed inventions of the Patents-in-Suit cannot be performed with pen and paper or in the human mind.  Additionally, because the Patents-in-Suit address problems rooted in improving use of sensors in mobile devices, the technology is not merely drawn to longstanding human activities.

<u>INVENTOR OF THE PATENTS-IN-SUIT</u>

28.     Mr. Pawel Aksamit is the inventor of the Patents-in-Suit. The Patents-in-Suit resulted from the pioneering efforts of Mr. Aksamit in methods of detecting context in mobile devices, such as mobile phones, laptops, PDAs, tablets, watches, music players, satellite navigation devices, automobiles, and cameras, as well as the devices themselves having such context detection capability. Detecting context in mobile devices includes, for example, the awareness of a device regarding the environment in which it is located, the activity of the user and/or the circumstances of the user of the device, all of which can help to improve the usability of the device, as well as the comfort and safety of its use. *See, e.g.*, '564 Patent at 1:27-35.

<u>COUNT I</u>
**(Infringement of U.S. Patent No. 10,142,791)**

29.     Plaintiff incorporates the above paragraphs herein by reference.

30.     The '791 Patent is valid, enforceable, and was duly and legally issued by the United

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

States Patent and Trademark Office ("USPTO") on November 27, 2018. The '791 Patent is presumed valid and enforceable. See 35 U.S.C. § 282.

31.    On March 29, 2021, an ex parte reexamination, no. 90/014,712, was initiated for the '791 Patent. An ex parte reexamination certificate was issued on November 5, 2021 for the '791 Patent.

32.    Plaintiff is the owner by assignment of the '791 Patent and possesses all rights of recovery under the '791 Patent, including the exclusive right enforce the '791 Patent and pursue lawsuits against infringers.

Without a license or permission from Plaintiff, Defendants have infringed and continue to directly and indirectly infringe one or more claims of the '791 Patent by using, selling, offering for sale, importing and/or providing and causing to be used products and devices (or services) – including, but not limited to, various models of the Nissan Armada and other Nissan vehicles (the "Accused Products"), in violation of 35 U.S.C. § 271. *See* Ex. 1[1], Ex. 2[2], Ex. 3[3], Ex. 4[4], Ex. 5[5], Ex. 6[6]. While exemplary Nissan vehicles are described herein as an example, Accused Products is not limited to only Nissan vehicles. Other vehicles owned and used by Defendants that include similar functionality and/or technology are also considered Accused Products.

<u>Direct Infringement – 35 U.S.C. § 271(a)</u>

33.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

---

[1] Available at https://www.enterprise.com/en/car-rental/vehicles/us/suvs.html.
[2] Available at https://www.alamo.com/en/rental-cars/us.html.
[3] Available at https://www.nationalcar.com/en/car-rental/vehicles/us/suvs.html.
[4] Available at https://www.infinitiusa.com/vehicles/suvs/qx80.html.
[5] Available at https://www.infinitiusa.com/vehicles/suvs/qx80/features.html.
[6] Available at https://www.infinitiusa.com/content/dam/Infiniti/US/manuals_guides/qx80/2022/2022-infiniti-qx80-owner-manual.pdf.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

34.    Without a license or permission from Plaintiff, Defendants have infringed and continue to directly infringe one or more claims of the '791 Patent by using, selling, importing and/or providing and causing to be used the Accused Products in violation of 35 U.S.C. § 271.

35.    Defendants have been and now are directly infringing by, among other things, practicing all of the steps of the '791 Patent, for example, use of the Accused Products, including internal testing, quality assurance, research and development, and troubleshooting. *See, e.g., Waymark Corp. v. Porta Sys. Corp.*, 245 F.3d 1364, 1366 (Fed. Cir. 2001) (noting that "testing is a use of the invention that may infringe under § 271(a)").

36.    By way of example, Defendants have infringed and continue to infringe one or more claims of the '791 Patent, including at least Claim 1. Attached hereto as Exhibit D is an exemplary claim chart providing evidence that illustrates a mapping of Claim 1 of the '791 Patent and an exemplary Accused Product.

**Induced Infringement – 35 U.S.C. § 271(b)**

37.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

38.    Defendants had knowledge of the '791 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

39.    Defendants have been and continue to indirectly infringe, by way of inducing infringement by others and/or contributing to the infringement by others of the '791 Patent in the

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, using, offering for sale, importing and/or selling, without license or authority, products incorporating the accused technology. End users include, for example, Defendants' customers that use the Accused Products and other third parties interacting with the accused technology or that use or interact with Accused Products on behalf of Defendants.

40.    Defendants knew the actions of using, selling, offering for sale, and/or importing the Accused Products infringe the '791 Patent and yet Defendants induced and continue to induce others, including partners, customers, and/or third parties, to directly infringe at least one claim of the '791 Patent under 35 U.S.C. § 271(b). Defendants took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

41.    For example, Defendants induced users to use the infringing Accused Products, actively prompting infringement by advertising infringing features and providing instructions on how to use them.

42.    The allegations herein support a finding that Defendants induce infringement of the '791 Patent. *See Power Integrations v. Fairchild Semiconduc*tor, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

<u>Contributory Infringement – 35 U.S.C. § 271(c)</u>

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

43.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

44.     Defendants had knowledge of the '791 Patent when this suit was filed. See *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

45.     On information and belief, Defendants contribute to their users' infringement of at least Claim 1 of the '791 Patent by actions of using, selling, offering for sale, and/or importing the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

**Willful Infringement**

46.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

47.     Defendants had knowledge of the '791 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

48.     Despite their knowledge of the '791 Patent, Defendants have used and sold and continue to use and sell the Accused Products in complete and reckless disregard of Plaintiff's patents rights. As such, Defendants have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '791 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT II
### (Infringement of U.S. Patent No. 9,807,564)

49.     Plaintiff incorporates the above paragraphs herein by reference.

50.     The '564 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on October 31, 2017. The '564 Patent is presumed valid and enforceable. See 35 U.S.C. § 282.

51.     Plaintiff is the owner by assignment of the '564 Patent and possesses all rights of recovery under the '564 Patent, including the exclusive right enforce the '564 Patent and pursue lawsuits against infringers.

52.     Without a license or permission from Plaintiff, Defendants have infringed and continue to directly and indirectly infringe one or more method claims of the '564 Patent by using products and devices (or services) including the Accused Products in violation of 35 U.S.C. § 271. *See* Ex. 1[7], Ex. 2[8], Ex. 3[9], Ex. 4[10], Ex. 5[11], Ex. 6[12]. While exemplary Nissan vehicles are described

---

[7] Available at https://www.enterprise.com/en/car-rental/vehicles/us/suvs.html.
[8] Available at https://www.alamo.com/en/rental-cars/us.html.
[9] Available at https://www.nationalcar.com/en/car-rental/vehicles/us/suvs.html.
[10] Available at https://www.infinitiusa.com/vehicles/suvs/qx80.html.
[11] Available at https://www.infinitiusa.com/vehicles/suvs/qx80/features.html.
[12] Available at https://www.infinitiusa.com/content/dam/Infiniti/US/manuals_guides/qx80/2022/2022-infiniti-qx80-owner-manual.pdf.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

herein as an example, Accused Products is not limited to only Nissan vehicles. Other vehicles owned and used by Defendants that include similar functionality and/or technology are also considered Accused Products.

### Direct Infringement – 35 U.S.C. § 271(a)

53.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

54.    Without a license or permission from Plaintiff, Defendants have infringed and continue to directly infringe one or more claims of the '564 Patent by using the Accused Products in violation of 35 U.S.C. § 271.

55.    Defendants have been and now are directly infringing by, among other things, practicing all of the steps of the '564 Patent, for example, use of the Accused Products, including but not limited to internal testing, quality assurance, research and development, and troubleshooting. *See, e.g., Waymark Corp. v. Porta Sys. Corp.*, 245 F.3d 1364, 1366 (Fed. Cir. 2001) (noting that "testing is a use of the invention that may infringe under § 271(a)").

56.    By way of example, Defendants have infringed and continue to infringe one or more method claims of the '564 Patent, including at least Claim 23. Attached hereto as Exhibit E is an exemplary claim chart providing evidence that illustrates a mapping of each element of method Claim 23 of the '564 Patent and an exemplary Accused Product.

### Induced Infringement – 35 U.S.C. § 271(b)

57.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

58.    Defendants had knowledge of the '564 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012)

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

(citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

59.    Defendants have been and continue to indirectly infringe, by way of inducing infringement by others and/or contributing to the infringement by others of the '564 Patent in the State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, using, without license or authority, Accused Products.   End users include, for example, Defendants' customers and other third parties interacting with the Accused Products.

60.    Defendants knew the action of using the Accused Products infringes the '564 Patent and yet Defendants induced and continue to induce others, including partners, customers, and/or third parties, to directly infringe at least one method claim of the '564 Patent under 35 U.S.C. § 271(b). Defendants took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

61.    For example, Defendants induced users to use the Accused Products, actively prompting infringement by advertising infringing features and providing instructions on how to use them.  Defendants also import or have imported Accused Products.

62.    The allegations herein support a finding that Defendants induce infringement of the '564 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g.,

customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

<u>Contributory Infringement – 35 U.S.C. § 271(c)</u>

63.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

64.     Defendants had knowledge of the '564 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

65.     On information and belief, Defendants contribute to their users' infringement of at least Claim 23 of the '564 Patent by using the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway*, Inc., 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

<u>Willful Infringement</u>

66.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

67.     Defendants had knowledge of the '564 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

68.     Despite their knowledge of the '564 Patent, Defendants have used and continue to use the Accused Products in complete and reckless disregard of Plaintiff's patents rights. As such, Defendants have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '564 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

<u>COUNT III</u>
**(Infringement of U.S. Patent No. 11,057,738)**

69.     Plaintiff incorporates the above paragraphs herein by reference.

70.     The '738 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 6, 2021. The '738 Patent is presumed valid and enforceable. See 35 U.S.C. § 282.

71.     Plaintiff is the owner by assignment of the '738 Patent and possesses all rights of recovery under the '738 Patent, including the exclusive right enforce the '738 Patent and pursue lawsuits against infringers.

72.     Without a license or permission from Plaintiff, Defendants have infringed and continue to directly and indirectly infringe one or more claims of the '738 Patent by importing, using, offering for sale, and/or selling products and devices (or services) - including the Accused

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Products, in violation of 35 U.S.C. § 271. *See* Ex. 1[13], Ex. 2[14], Ex. 3[15], Ex. 4[16], Ex. 5[17], Ex. 6[18]. While exemplary Nissan vehicles are described herein as an example, Accused Products is not limited to only Nissan vehicles. Other vehicles owned and used by Defendants that include similar functionality and/or technology are also considered Accused Products.

<u>Direct Infringement – 35 U.S.C. § 271(a)</u>

73.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

74.     Without a license or permission from Plaintiff, Defendants have infringed and continue to directly infringe one or more claims of the '738 Patent by importing, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

75.     Defendants have been and continue to directly infringe by, among other things, practicing all of the steps of the '738 Patent, for example, use, internal testing, quality assurance, and troubleshooting of Accused Products. *See, e.g., Waymark Corp. v. Porta Sys. Corp.*, 245 F.3d 1364, 1366 (Fed. Cir. 2001) (noting that "testing is a use of the invention that may infringe under § 271(a)").

76.     By way of example, Defendants have infringed and continue to infringe one or more claims of the '738 Patent, including at least Claim 1. Attached hereto as Exhibit F is an exemplary claim chart providing evidence that illustrates a mapping of Claim 1 of the '738 Patent and an exemplary Accused Product.

---

[13] Available at https://www.enterprise.com/en/car-rental/vehicles/us/suvs.html.
[14] Available at https://www.alamo.com/en/rental-cars/us.html.
[15] Available at https://www.nationalcar.com/en/car-rental/vehicles/us/suvs.html.
[16] Available at https://www.infinitiusa.com/vehicles/suvs/qx80.html.
[17] Available at https://www.infinitiusa.com/vehicles/suvs/qx80/features.html.
[18] Available at https://www.infinitiusa.com/content/dam/Infiniti/US/manuals_guides/qx80/2022/2022-infiniti-qx80-owner-manual.pdf.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

**Induced Infringement – 35 U.S.C. § 271(b)**

77.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

78.    Defendants had knowledge of the '738 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

79.    Defendants have been and continue to indirectly infringe, by way of inducing infringement by others and/or contributing to the infringement by others of the '738 Patent in the State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, importing, and/or selling, without license or authority, Accused Products.  End users include, for example, Defendants' customers and other third parties interacting with the Accused Products.

80.    Defendants knew the actions of using, selling, offering for sale, and/or importing the Accused Products infringe the '738 Patent and yet Defendants induced and continue to induce others, including partners, customers, and/or third parties, to directly infringe at least one claim of the '738 Patent under 35 U.S.C. § 271(b). Defendants took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention.  *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

81.    For example, Defendants induced users to use the Accused Products, actively

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

prompting infringement by advertising infringing features and providing instructions on how to use them. Defendants also import or have imported Accused Products.

82. The allegations herein support a finding that Defendants induces infringement of the '738 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

**Contributory Infringement – 35 U.S.C. § 271(c)**

83. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

84. Defendants had knowledge of the '738 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

85. On information and belief, Defendants contribute to their users' infringement of at least Claim 1 of the '738 Patent by actions of using, selling, offering for sale, and/or importing the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

has other non-infringing uses).

### Willful Infringement

86.    Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

87.    Defendants had knowledge of the '738 Patent when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

88.    Despite their knowledge of the '738 Patent, Defendants have used and sold and continue to use and sell the Accused Products in complete and reckless disregard of Plaintiff's patents rights. As such, Defendants have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '738 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### Plaintiff Suffered Damages

89.    Defendants' acts of infringement of the Patents-in-Suit have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. The precise amount of damages will be determined through discovery in this litigation and proven at trial.

### REQUEST FOR RELIEF

90.    Plaintiff incorporates each of the allegations in the paragraphs above and

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

respectfully asks the Court to:

(a)     enter a declaration that Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the Patents-in-Suit;

(b)     enter a judgment awarding Plaintiff all damages adequate to compensate for Defendants' infringement of, direct or contributory, or inducement to infringe, the Patents-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)     enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the Patents-in-Suit;

(d)     issue a permanent injunction enjoining and restraining Defendants, their directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Patents-in-Suit;

(e)     enter a judgment requiring Defendants to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f)     award Plaintiff all other relief that the Court may deem just and proper.


Dated: July 8, 2022                          Respectfully submitted,


                                             /s/  Kirk J. Anderson
                                             Kirk. J. Anderson (CA SBN 289043)
                                             kanderson@budolaw.com
                                             BUDO LAW, P.C.
                                             5610 Ward Rd., Suite #300
                                             Arvada, CO 80002

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

*Attorney(s) for Plaintiff Context Directions LLC*

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL